```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
IN RE APPLICATION OF BLOOMFIELD     :
INVESTMENT RESOURCES CORP.          :   15 Misc. 220 (VM)
FOR AN ORDER DIRECTING DISCOVERY    :
FROM ELLIOT DANILOFF, ED CAPITAL,   :   DECISION AND ORDER
LLC AND ED CAPITAL MANAGEMENT,      :
LLC PURSUANT TO 28 U.S.C. § 1782    :
                                    :
                                    :
------------------------------------X
```

**VICTOR MARRERO**, United States District Judge.

Petitioner Bloomfield Investment Resources Corp. ("Bloomfield") moved pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") to compel Elliot Daniloff ("Daniloff"), ED Capital, LLC, and ED Capital Management LLC (collectively "ED Capital" and collectively with Daniloff, "Respondents") to comply with an Order issued in Part One of the Southern District of New York on July 23, 2015 granting discovery in aid of litigation pending in the Netherlands ("Netherlands Action") pursuant to 28 U.S.C. Section 1782 ("July 2015 Order", Dkt. No. 3.) Bloomfield's motion to compel discovery ("Motion", Dkt. No. 8) seeks documents and information relating to United Meat Group ("UMG"), a Russian corporation wholly controlled by Respondents and a party to the Netherlands Action. Respondents opposed the Motion, arguing that they are not obligated to search UMG records for documents responsive to the subpoena. (Dkt. No. 11.) After transfer of the Motion from Part One to this Court

1

because of a related case,[1] Bloomfield replied in further support of its Motion. (Dkt. No. 15.)

## I. BACKGROUND

The Netherlands Action arises from a 2011 transfer of $25 million from Bloomfield to UMG, a transfer which Bloomfield contends was a loan that remains unrepaid. UMG argues that the $25 million transfer was not a loan but an investment in two Cayman Islands-based funds holding UMG stock: the Synergy Hybrid Feeder Fund Ltd. and the Synergy Hybrid Fund Ltd. (together, the "Synergy Funds"). The Synergy Funds own 100% of UMG shares. ED Capital is the investment adviser and manager to the Synergy Funds and Daniloff is the 100% owner of ED Capital.

Bloomfield obtained an order of attachment in the Netherlands Action on June 17, 2015, enabling it to garnish a bank account held by UMG in the Netherlands. On July 15, 2015, the Netherlands court permitted UMG to withdraw $3.3 million for upcoming bond payments but upheld the attachment, finding that "extensive and detailed witness statements" supported Bloomfield's position that the transfer was a loan. (Dkt. No. 8 at 3.) The court noted that it needed additional evidence to resolve the merits of the principal lawsuit brought by Bloomfield against UMG. (Dkt. No. 1 at 6.) Bloomfield then petitioned for and was granted discovery

---

[1] ED Capital LLC v. Bloomfield Investment Resources Corp., 15 Civ. 9056 (S.D.N.Y. Nov. 18, 2015).

2

from Respondents in the Southern District of New York under 28 U.S.C. Section 1782 ("Section 1782") by the July 2015 Order. Bloomfield commenced proceedings on the merits against UMG in the Netherlands on August 11, 2015.

The July 2015 Order granted Bloomfield's petition for discovery in aid of the Netherlands litigation. The Order authorized Bloomfield to serve subpoenas on Daniloff and ED Capital seeking, among other things, any and all documents in their possession, custody or control "relating to UMG," "relating to any pledge of UMG assets," or "relating to the deposit of funds in a bank account held by UMG in Demir-Halk Bank in The Netherlands." (Dkt. No. 1 at 3-5.) After Bloomfield served the subpoenas on Respondents, Respondents replied that they were not obligated to search UMG records or respond to any requests for UMG-related documents because UMG was a party to the Netherlands Action and any discovery should be taken from UMG directly. The parties have provided to the Court correspondence showing an attempt at clarification (See Dkt. No. 12, Exs. 3-8) but have not resolved their dispute regarding Respondents' obligation to produce documents relating to UMG.

## II. DISCUSSION

Bloomfield seeks an order compelling Defendants to comply with the July 2015 Order by producing the documents requested in the subpoenas previously served on Defendants. In its July 2015

3

Order, the Part One Court found that "(1) the statutory requirements of 28 U.S.C. § 1782 are satisfied, and (2) the factors identified by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), weigh in favor of granting [Bloomfield's] petition." (Dkt. No. 3.)

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." The July 2015 Order was issued upon Bloomfield's showing that its application met the statutory prerequisites of Section 1782 as well as additional factors outlined by the Supreme Court in Intel. In Intel, district courts were instructed to consider: 1) whether the person from whom discovery is sought is a participant in the foreign proceeding; 2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; and 3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States or contains "unduly intrusive or burdensome requests." Intel, 542 U.S. at 265.

The Part One court considered all of the preceding factors and found that Bloomfield's application for discovery satisfied

4

the requirements of Section 1782. Nevertheless, Respondents maintain that they are not required to produce UMG records under Section 1782 and the Federal Rules of Civil Procedure governing discovery. Although Respondents contend that they have shown good faith in complying with the subpoenas, they argue that Section 1782 bars production of the UMG records by Respondents because UMG is a party to the Netherlands Action. Additionally, Respondents assert, production of UMG-related documents would be unduly burdensome. (Dkt. No. 11 at 7.) The Court considers each of Respondents' arguments in turn.

A. Discoverability of UMG Documents Under Section 1782

Respondents argue that because UMG is a party to the Netherlands Action, Bloomfield must seek discovery from UMG directly through that action. Asserting that "there is simply nothing for this Court to assist the Netherlands court with in terms of discovery from UMG" (Dkt. No. 11 at 8), Respondents argue that Bloomfield's Section 1782 application is merely an end run around Netherlands discovery rules. Respondents cite In re Kreke Immobilien KG, in which a district court denied discovery under Section 1782 largely because the respondent, a German company, was a party to a German proceeding and the application of United States discovery protocol would "evade foreign proof-gathering restrictions." No. 13 Misc. 110, 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013). Several circumstances distinguish Kreke from this

5

case, in particular the forum selection clause signed by both parties and the Kreke court's finding that the petitioner's application was an attempt to circumvent German discovery rules. Moreover, the Second Circuit has expressly rejected a "quasi-exhaustion requirement" mandating that parties seek discovery in a foreign court before moving for assistance from the United States court. Application of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992); see also In re Servicio Pan Americano de Proteccion, 354 F. Supp. 2d 269, 273 (S.D.N.Y. 2004) (quoting Euromepa, S.A. v. R. Esmerian, Inc. 51 F.3d 1095, 1098 (2d Cir. 1995)). Bloomfield's failure to exhaust discovery procedures in the Netherlands Action is not a basis on which to reject Bloomfield's discovery request. Nor must Bloomfield wait for the approach of discovery deadlines in the Netherlands Action, as Respondent suggests. See In re Servicio Pan Americano, 354 F. Supp. 2d at 273 (rejecting respondent's argument that petitioner should be required to wait until the evidentiary stage of the foreign proceeding). Although Respondents have not offered evidence showing that the UMG-related documents named in the subpoena are actually located in Russia, rather than in the United States or in electronic files readily accessed by Respondents, the Court notes that the location of documents abroad is not necessarily a bar to discovery. See Gemeinshcaftspraxis, 2006 WL 3844464, at *8; see also In re Potanina, No. 14 Misc. 31, 2015 WL 750656, at *2

6

(S.D.N.Y. Jan. 9, 2015) (acknowledging some disagreement among courts in this District on this issue but permitting discovery of documents located outside the United States).

All of the preceding arguments by Respondents were properly considered by the Part One court considering the initial Section 1782 application. That court determined that Bloomfield had satisfied the statutory requirements of Section 1782 and the discretionary Intel factors. That court's decision was not merely a "ministerial" one, as Respondents suggest. (Dkt. No. 11 at 7.)[2] This Court has not been asked to reconsider the Part One court's decision as to the propriety of the July 15 Order granting discovery and will not do so. The question for purposes of the motion to compel, then, is whether the responsive documents related to UMG are within the "possession, custody or control" of Respondents.

B. Respondents' Ability to Produce UMG-Related Documents

Respondents argue that the production of documents from UMG will impose an undue burden because of the "time and costs associated with indirectly having [Respondents] request the

---

[2] Respondents cite two cases where courts later reviewed subpoenas issued under Section 1782: In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf, No. Civ. M19-88, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006), and In re Republic of Kazakhstan, No. 15 Misc. 81, 110 F. Supp. 3d 512 (S.D.N.Y. June 22, 2015). In both of those cases, however, the respondent filed a motion to vacate the original Section 1782 order. Further, in both of those cases the court upheld the order and required the moving party to produce the subpoenaed documents.

documents from UMG." (Dkt. No. 11 at 9.) The inquiry into whether a document is in a party's "control" under Rule 45 is whether the party "has the legal right or the practical ability to obtain the documents." In re Flag Telecom Holdings, Ltd. Secs. Litig., 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (citation omitted). "The test for the production of documents is control, not location." Id. (quoting Marc Rich & Co. v. United States, 707 F.2d 663, 667 (2d Cir. 1983)). If a party has "access to" and the "ability to obtain documents," it has the practical ability to produce those documents regardless of legal ownership. See Allstate Ins. Co. v. Kirshner, No. 12 Civ. 1262, 2015 WL 3620234, at *3 (D. Conn. June 9, 2015); Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 146 (S.D.N.Y. 1997).

Here, the integrally linked financial relationship between UMG, Daniloff, and ED Capital suggests that Respondents have the "practical ability" to obtain documents regarding the transfer of funds to the Netherlands bank account, pledges of UMG assets, or other transactions involving UMG assets as described in the subpoenas. Daniloff controls UMG by way of a majority share in the Synergy Funds, in which Bloomfield, by way of the contested transfer, is the sole minority shareholder. (See Dkt. No. 9, Exs. 2, 3.) As Bloomfield observes, Daniloff holds an internal UMG e-mail address and was referred to as the "ultimate controlling party" in UMG's audited annual report. (Dkt. No. 8 at 8.) ED

8

Capital's managing director is the Chief Executive Officer of UMG. These indicators of ED Capital and Daniloff's control over UMG belie Respondents' assertions that they lack access to UMG records. The Court is persuaded that as the "ultimate controlling party" in UMG, Daniloff has the ability to obtain UMG records responsive to the subpoenas authorized under the July 15 Order.

Although the burden is on Respondents to establish lack of access or undue burden, Respondents point to no specific subpoenaed documents over which they lack control. Nor do they present particularized evidence in their briefing that production of the UMG records would be unduly burdensome or costly, such as an affidavit of a person with knowledge of the record keeping system explaining in detail the basis of the objection. See, e.g., Pegoraro v. Marrero, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2012) ("A party resisting discovery has the burden of showing specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden."); Michanczyk v. Metro. Life Ins. Co., No. 05 Civ. 1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007) ("Under well-settled law, the party resisting production bears the responsibility of establishing undue burden.")

Upon review of the parties' filings, the Court is persuaded that the motion to compel should be granted. To the extent that

documents relating to UMG are "within the possession, custody, or control" of Respondents as mandated by Rule 45 of the Federal Rules of Civil Procedure, Respondents must turn over the documents enumerated in the subpoenas issued pursuant to the July 2015 Order in the form or forms specified therein.

Accordingly, it is hereby

**ORDERED** that the motion of Bloomfield Investment Resources Corp. (Dkt. No. 8) pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel respondents Elliot Daniloff, ED Capital, LLC, and ED Capital Management LLC to produce documents in accordance with a subpoena served pursuant to 28 U.S.C. Section 1782 is **GRANTED**.

**SO ORDERED.**

Dated: New York, New York
25 February 2016

VICTOR MARRERO
U.S.D.J.