UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Application of Bloomfield Investment Resources Corp. for an Order Directing Discovery from Elliot Daniloff, ED Capital, LLC and ED Capital Management, LLC Pursuant to 28 U.S.C. § 1782 | 1:15-mc-00220-VM<br><br>**PROTECTIVE ORDER** |

Honorable Victor Marrero, U.S.D.J.

The parties, by their undersigned counsel, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the disclosure and use by the parties of all documents, testimony, exhibits, and any other materials and information disclosed or provided in the above-referenced action (the "Action"), it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this Action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously undisclosed financial information (including without limitation profitability reports and estimates);

1

(b) previously undisclosed material relating to ownership or control of any non-public company;

(c) previously undisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion(s). With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the conclusion of this Action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, the producing person may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

2

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed hereto stating that that person has read this Order and agrees to be bound by its terms.

7. In the event that any Confidential Discovery Material will be used in open court or will be publicly filed, they shall not lose their status as Confidential Discovery Material through such use. Counsel shall confer in advance on such procedures as are necessary to protect the confidentiality and information. If the parties are unable to agree upon such procedures, the parties shall request a ruling from the Court.

8. A party who objects to any designation of confidentiality made by a producing party, or a producing party who requests further limits on disclosure (such as "attorneys' eyes

3

only" in extraordinary circumstances), may serve upon counsel for the producing party, or receiving party, respectively, a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the parties shall request a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this Action, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the Action. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed."

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Discovery Material or a party's subsequent waiver of its own prior designation with respect to its own Confidential Discovery Materials.

SO STIPULATED AND AGREED.

Dated: March 2, 2016
New York, New York

DRINKER BIDDLE & REATH LLP

By: _____
Richard J.L. Lomuscio
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
212-248-3140
richard.lomuscio@dbr.com

*Attorneys for Respondents Elliot Daniloff, ED Capital, LLC and ED Capital Management, LLC*

REED SMITH LLP

By: _____
Steven Cooper
John L. Scott
Peter Gourdine
599 Lexington Avenue, 22nd Floor
New York, New York 10022
scooper@reedsmith.com
*Attorneys for Petitioner Bloomfield Investment Resources Corp.*

5

SO ORDERED.

3-3-16
DATE          VICTOR MARRERO, U.S.D.J.

SO ORDERED,

_____
U.S.D.J.